FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 13 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| **LATWAINA BROWN, Individually and on Behalf of Others Similarly Situated** | | **PLAINTIFF** |
| vs. | No. 4:19-cv-183-BRW | |
| **USABLE MUTUAL INSURANCE COMPANY** | | **DEFENDANT** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff LaTwaina Brown, individually and on behalf of all others similarly situated, by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant USAble Mutual Insurance Company ("Defendant"), does hereby state and allege as follows:

### I. INTRODUCTION

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

This case assigned to District Judge Wilson
and to Magistrate Judge Volpe

2.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

## II. JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6.     Defendant conducts business within the State of Arkansas, operating an office in Little Rock.

7.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8.     Plaintiff was employed by Defendant at its facility located in Little Rock. Therefore, the acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff LaTwaina Brown is a resident and citizen of Pulaski County.

10. At all times relevant to the allegations in this Complaint, Plaintiff was a salaried employee at Defendant's location in Little Rock.

11. At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA.

12. At all times material herein, Plaintiff and those similarly situated to Plaintiff who worked for Defendant within Arkansas have been entitled to the rights, protections and benefits provided under the AMWA.

13. At all times material herein, Plaintiff and those similarly situated were not paid one and one-half times their regular rate for all hours they worked over forty (40) per week in violation of the FLSA and the AMWA.

14. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Defendant USAble Mutual Insurance Company is an insurance company registered to do business in the State of Arkansas.

16. Defendant conducts business in Arkansas under the trade name Arkansas Blue Cross and Blue Shield.

17. Defendant can be served through its registered agent Timothy G. Gauger, 601 South Gaines Street, 8th Floor, Little Rock, Arkansas 72201.

18. Defendant has at all relevant times been engaged in interstate commerce as that term is defined under the FLSA.

19. Defendant has employees that handle, sell, or otherwise work with goods or materials that have been moved in or produced for commerce, including computers, telephones and office supplies.

20. Defendant's annual gross volume of sales was not less than $500,000.00 during each of the three calendar years preceding the filing of this Complaint.

21. Defendant has at all relevant times employed more than four employees.

## IV. **FACTUAL ALLEGATIONS**

22. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

23. Defendant owns and operates at least one location in Arkansas.

24. Plaintiff has been employed at Defendant's location in Little Rock from approximately 2003 through the present.

25. Plaintiff was employed as an "Underwriter 2" during the three years prior to the filing of her Original Complaint.

26. Plaintiff was required to work an average number of hours each week that exceeded forty (40).

27. Defendant classified Plaintiff as a salaried employee and paid her the same weekly salary regardless of the number of hours she worked.

28. In addition, Defendant paid Plaintiff a bonus of 10% of her salary based on certain objective criteria.

29. As an Underwriter 2, Plaintiff did not have the authority to discipline or fire other employees.

30. Plaintiff's primary duty did not include the management of other employees.

31. Plaintiff's primary duty did not include the exercise of independent judgment with respect to matters of significance.

32. As an Underwriter 2, Plaintiff's primary duties were to apply predetermined criteria to applications and renewals. Plaintiff did not sell products to customers, nor exercise discretion on decisions regarding processes.

33. Upon information and belief, all Underwriters have the same duties and responsibilities and are similarly situated.

## V. REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

35. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

36. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. Plaintiff brings her FLSA claims on behalf of all of Defendant's Underwriters 2 who were classified as exempt from the overtime requirements of

the FLSA and paid a salary by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.     A lawful minimum wage and overtime for all hours worked;

    B.     Liquidated damages; and

    C.     Attorneys' fees and costs.

38.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file a written Consent to Join this lawsuit.

39.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40.     The members of the proposed FLSA Collective are similarly situated in that they were subject to Defendant's common policy of paying a salary with no overtime premiums to Underwriters 2.

41.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 50 persons.

42.     Most Americans have become increasingly reliant on email and text messages, and generally use them far more than traditional U.S. Mail.

43.     Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical

and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of the FLSA claim.

44.     At all relevant times, Defendant directly hired members of the Collective Action Class to work in its offices, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

45.     At all relevant times, each member of the Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI.  FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

46.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain

exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. For the duration of Plaintiff's employment, Defendant intentionally misclassified her as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

52. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

53. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
#### (Individual Claim for Violation of the AMWA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

57. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58.   Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59.   For the duration of her employment, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

60.   Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

61.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

### VIII.  **THIRD CAUSE OF ACTION**
**(Collective Action Claim for Violation of the FLSA)**

62.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63.   Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65. Defendant classified Plaintiff and all similarly situated Underwriters 2 as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

66. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

67. This court should certify the following collective:

**All Underwriters 2 during the past three years.**

68. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff LaTwaina Brown, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.   That Defendant USAble Mutual Insurance Company be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.   For a declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, the Arkansas Minimum Wage Act, and their attendant and related regulations;

D.   For certification of and notice to the proposed collective members;

E.   For judgment for damages suffered by Plaintiff and the collective members for all unpaid overtime compensation under the FLSA and the AMWA;

F.   For judgment for liquidated damages as provided for under the FLSA and the AMWA;

G.   For her attorneys' fees, costs, and pre-judgment interest; and

H.   For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**PLAINTIFF LATWAINA BROWN,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com