**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

LAWTWAINA BROWN                                                    PLAINTIFF

**4:19-CV-00183-BRW**

USABLE MUTUAL INSURANCE                                      DEFENDANT

<u>ORDER</u>

 Pending is Defendant's Motion for Partial Summary Judgment (Doc. No. 18).  Plaintiff has

responded and Defendant has replied.[1]  For the reasons set out below, the motion is GRANTED.

**I. BACKGROUND[2]**

 Plaintiff worked for Defendant as a "Group Underwriter II" until her separation in

September 2019.   In that job, Plaintiff received insurance applications from agents and

employers, checked them for completeness, reviewed the application for eligibility, and

determined whether the applicant was eligible for small group insurance under Defendant's

guidelines.

 Plaintiff alleges that Defendant incorrectly classified her as an employee exempt from

overtime, and therefore failed to properly pay her overtime wages under the Fair Labor

Standards Act ("FLSA") and the Arkansas Minimum Wage Act.

 Defendant asserts that it is entitled to summary judgment based on the FLSA's

"administrative exemption."[3]

---

 [1]Doc. Nos. 22, 24.

 [2]Unless otherwise noted, the background facts come from the statements of undisputed
material facts. Doc. Nos. 19-1, 23.

 [3]Doc. No. 19.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[4]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[5]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[6]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[7]  A court must view the facts in the light most favorable to the party opposing the motion.[8]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[9]

---

[4]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[6]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[7]*Id.* at 728.

[8]*Id.* at 727-28.

[9]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[10]

## III.   DISCUSSION

Under the FLSA administrative employees are exempt from overtime wages.  The FLSA provides that an administrative capacity employee is any employee who is (1) paid more than $684 a week; (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) [w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."[11]

Examples of work that satisfy part (2) are:

work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.[12]

Plaintiff attempts to describe her former job as a Group Underwriter II as one where she simply enters information into a computer, hits print, and provides a sales representative with an insurance quote.  However, Plaintiff testified that she "analyze[d] the information . . . and determine[d] the potential for substandard risk conditions," when asked.[13]  She had authority to "develop special rating considerations on a case-by-case basis."[14]  She had "approval authority for

---

[10]*Anderson*, 477 U.S. at 248.

[11]29 C.F.R. § 541.200(a)(1)-(3).

[12]29 C.F.R. § 541.201(b).

[13]Doc. No. 19-3 at p. 66 of 123.

[14]*Id*. at p. 69 of 123.

new groups and renewal activity" that was consistent with Defendant's guidelines.[15]  She also agreed that her job required her to "analyze existing renewal business . . . to ensure retention of profitable business to attain membership grown and profit objectives."[16]  Although Plaintiff needed upper management's approval for "exceptions to regulations on groups that do not conform" she was responsible for gathering and analyzing the information and then submitting it to upper management for approval.[17]

Although it is a close call, I find that Defendant has established that Plaintiff qualified for the administrative exemption, and was exempt from overtime wages.  The Court of Appeals for the Sixth Circuit held that "while the underwriters' duties touch on [the employer's] principal production activity of selling loans, the underwriters exist primarily to service [the employer] by advising whether it should accept the credit risk posed by its customers."[18] The same applies here.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 11th day of June, 2020.

Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[15]*Id.*

[16]*Id.* at p. 70 of 123.

[17]*Id.* at p. 71-72 of 123.

[18]*Lutz v. Huntington Bancshares, Inc.*, 815 F.3d 988, 993 (6th Cir. 2016). See also *Hanis v. Metro. Life Ins. Co.*, No. 14-1107-CV-W-FJG, 2016 WL 5660344 (W.D. Mo. Sept. 29, 2016) (rejecting the plaintiff's argument that an underwriter was a production employee and not exempt); *Geist v. Handke*, No. 17-CV-2317-JWL, 2018 WL 3474175 (D. Kan. July 19, 2018).